**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2011

Lyle W. Cayce
Clerk

No. 10-50890
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK ANTHONY EVANS, also known as Mark Evans,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:96-CR-2-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Evans, federal prisoner # 69117-080, appeals the district court's order granting in part and denying in part his motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence for conspiracy to distribute and distribution of cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. Evans challenges the district court's refusal to impose a sentence below the minimum sentence under the amended guidelines range, asserting that the district court erred in treating U.S.S.G. § 1B1.10, p.s., as binding in a § 3582(c)(2) proceeding. Evans further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court violated his constitutional rights by relying on drug quantity and a leadership enhancement in making its resentencing determination and that his constitutional rights were violated when the court imposed sentence based upon an offense involving crack cocaine, a drug not listed as a Schedule II controlled substance and not identified in his indictment.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); § 1B1.10(a), p.s. In those cases, the district court may reduce the sentence after considering the applicable factors of 18 U.S.C. § 3553(a) and the pertinent guideline policy statements. § 3582(c)(2). We review a district court's decision whether to reduce a sentence for abuse of discretion and its interpretation of the Guidelines de novo. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Under § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under [] § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." As this court previously explained in Evans's separate appeal from a § 3582(c)(2) order, "*Booker*[1] does not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions.'" *Evans*, 587 F.3d at 670 (quoting *Doublin*, 572 F.3d at 238); *see Dillon v. United States*, 130 S. Ct. 2683, 2687-93 (2010).

Evans's challenges to the enhancements to his sentence based on the quantity of crack cocaine involved in the offense and his leadership role in the offense and his argument that he should not have been sentenced based on an offense involving crack cocaine are issues related to his initial sentencing proceeding. "[A] § 3582(c)(2) motion is not a second opportunity to present

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Evans's arguments pertaining to issues related to his initial sentencing are not cognizable in a § 3582(c)(2) proceeding. *See Evans*, 587 F.3d at 674. Moreover, to the extent that Evans argues that his sentence was enhanced based on facts not found by a jury, "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Dillon*, 130 S. Ct. at 2692.

Evans has not shown that the district court abused it discretion or erred in interpreting the Guidelines in granting in part and denying in part his § 3582(c)(2) motion. *See Evans,* 587 F.3d at 672. The judgment of the district court is AFFIRMED.